# EXHIBIT C

2686655v.1

# GARFUNKEL WILD, P.C.
ATTORNEYS AT LAW

350 BEDFORD STREET • STAMFORD, CONNECTICUT 06901
TEL (203) 316-0483 • FAX (203) 316-0493

ROBERT ANDREW WILD *
FREDRICK I. MILLER *
JUDITH A. EISEN *
LEONARD M. ROSENBERG *
JEFFREY S. BROWN ‡∗†
ANDREW E. BLUSTEIN ‡∗†#
BURTON S. WESTON *
MICHAEL J. KEANE *‡
HAYDEN S. WOOL *
GREG E. BLOOM *#
ROY W. BREITENBACH *#
LOURDES MARTINEZ *‡
STEVEN R. ANTICO ‡∗
JEFFRY ADEST *‡#
STEVEN J. CHANANIE *
PETER M. HOFFMAN *
ANDREW L. ZWERLING *
DORIS L. MARTIN *#
LARA JEAN ANCONA *#
SUZANNE M. AVENA *

BARRY B. CEPELEWICZ, M.D. *‡#
KEVIN G. DONOGHUE *
STEVEN D. GORELICK ‡*
STACEY L. GULICK *‡
B. SCOTT HIGGINS *
BARBARA D. KNOTHE *#
EVE GREEN KOOPERSMITH *
JOHN P. KRALJIC *
LAUREN M. LEVINE *‡
SEAN P. LEYDEN *#
JOHN G. MARTIN *
MARIANNE MONROY *‡
ALAN H. PERZLEY *‡
KAREN L. RODGERS *
ROBERT E. SCHILLER *
ANDREW J. SCHULSON *
AFSHEEN A. SHAH *
DEBRA A. SILVERMAN *
CHRISTINA VAN VORT *

WENDY A. CHOW *
ZACHARY B. COHEN *‡
C. MATTHEW COLONGELI *‡
MICHAEL G. DIFIORE *
JONATHAN J. DREYFUSS *
THERESA A. HARRIS *#
JASON Y. HSI *
TRACY D. HUBBELL *‡
MICHAEL J. KEANE, JR. *‡
KIMBERLY KEMPTON-SERRA *‡#
RYAN R. KIRK *
STACEY P. KLEIN *‡
SALVATORE PUCCIO *
COURTNEY A. ROGERS *
TERENCE A. RUSSO *‡
MICHELLE LEWIS SALZMAN *
ALEXANDER C. SANTEE ‡
MATTHEW M. SHATZKES *‡#
DAYNA B. TANN *‡
COLLEEN M. TARPEY *
DAVID H ZABELL *
MADELIN L. ZWERLING *

SENIOR ATTORNEYS
JOHN BECKER *
ADAM T. BERKOWITZ *
ROBERT A. DEL GIORNO *
JACQUELINE H. FINNEGAN *
MOLLY M. RUSH *
GREGORY R. SMITH *
JUSTIN M. VOGEL *

OF COUNSEL
GEORGE M. GARFUNKEL *
STUART M. HOCHRON, M.D. ‡

* LICENSED IN NEW YORK
† LICENSED IN NEW JERSEY
# LICENSED IN CONNECTICUT
‡ RESPONSIBLE PARTNERS FOR NEW JERSEY OFFICE

FILE NO.:
REPLY TO:    Connecticut

WRITER'S EMAIL: rbreitenbach@garfunkelwild.com
WRITER'S DIRECT DIAL: (203) 316-0483

October 28, 2013

**BY FEDEX**

Ms. Jenny Hayhurst
Vice President, Network Management
United Healthcare – Medicare Solutions
1311 W. President George Bush Highway
Richardson, Texas 75080

Re:   Termination of Participation Providers From Medicare Advantage Panels

Dear Ms. Hayhurst

We are the attorneys for the Fairfield County Medical Association (FCMA). The stated purpose of FCMA is "to bring together, in one organization, the doctors of medicine of Fairfield County, Connecticut; to increase their knowledge in the art and science of medicine; [and] to enlighten the public in matters of health and promote the health of the community."

Many of FCMA's members are longstanding participating providers in United Healthcare's health plans and panels. A significant number of its members have recently received letters from you purporting to amend their United participating provider agreements to terminate their participating provider status in United's Medicare Advantage networks effective February 1, 2014. We find it perplexing and inconsistent that while, in some statements, United is saying that its actions are related to improving the quality and efficiency of its networks, the affected members are only being terminated from your company's Medicare Advantage networks; their participation in United's commercial networks remain unaffected.

NEW YORK                    NEW JERSEY                    CONNECTICUT

Ms. Jenny Hayhurst
October 28, 2013
Page 2

United's actions are illegal. Accompanying the notices you sent FCMA's members is an "Appeals Rights" document, which states that United "will treat an amendment to remove you from participating in the network(s) . . . as a termination without cause." CMS regulations state that a Medicare Advantage organization – such as United here – that "terminates an agreement under which the physician provides services to MA plan enrollees must give the affected individual written notice of the . . . reasons for the action, including, if relevant, the standards and profiling data used to evaluate the physician and the numbers and mix of physicians needed by the MA organization." 42 C.F.R. § 422.202(d). To date, United has failed, and refused, to provide this information to the FCMA members at issue.

Further, federal and state law prohibits United from using the provider agreement's unilateral amendment clause to remove FCMA members' Medicare Advantage participating provider status. A basic premise underlying United's participating provider agreement is that it is an all products agreement. This was what the parties bargained for. Attempting to take this away through a unilateral amendment process constitutes a failure of consideration and a breach of the agreement's implied covenant of good faith and fair dealing.

Additionally, United's actions are materially misleading to Medicare beneficiaries throughout Fairfield County. As I am sure you are aware, the Medicare program currently is in its open enrollment period, which lasts until early December. Accordingly, thousands of Medicare beneficiaries throughout Fairfield County are making the decision right now whether to elect to join a Medicare Advantage plan and, if so, what plan to join. A key factor in this decision is whether the beneficiaries' existing physicians are plan participating providers. These beneficiaries right now are looking at United marketing materials listing many physicians as participating whom United intends to terminate in February. The beneficiaries are entirely unaware of United's intentions, and thus are being misled.

Most importantly, United's decision, if implemented, would deny access to quality and efficient health care to thousands of Medicare beneficiaries, in violation of CMS regulations. Specifically, section 422.112(a)(1) of CMS' regulations requires each Medicare Advantage plan to "[m]aintain and monitor a network of appropriate providers that is supported by written agreements and is sufficient to provide adequate access to covered services to meet the needs of the population served." 42 C.F.R. § 422.112(a)(1). Similarly, section 422.112(a)(10) provides that Medicare Advantage "plans that meet Medicare access and availability requirements through direct contracting network providers must do so consistent with the prevailing community pattern of health care delivery in the areas where the network is being offered." *Id.* § 422.112(a)(10).

Many of the FCMA members proposed to be terminated by United are essential providers in their communities. Medicare beneficiaries have relied on them for years to provide high-quality, efficient medical care. These are longstanding physician-patient relationships and, in many cases, the FCMA members are the only providers furnishing these services in their geographic area. Terminating these members would strand beneficiaries and overburden the entire medical delivery system in Fairfield County.

GARFUNKEL WILD, P.C.

2674155v.2

Ms. Jenny Hayhurst
October 28, 2013
Page 3

    For all these reasons, FCMA demands that United rescind the termination notices to it sent to FCMA's members by November 4, 2013. If this is not done, FCMA fully intends to pursue all remedies on behalf of its members to redress United's illegal and improper conduct.

    Very truly yours,

    Roy W. Breitenbach

RWB:cab

GARFUNKEL WILD, P.C.

2674155v.2