Case 3:13-cv-01621-SRU   Document 78   Filed 02/28/14   Page 1 of 7

13cv1621 Mandate

United States District Court
Filed at Bridgeport
2/28/14
By: Roberta D. Tabora, Clerk
Rita Lauth, Deputy Clerk

**MANDATE**

13-4608-cv
Fairfield Cnty. Med. Ass'n v. United Healthcare of New England, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand fourteen.

PRESENT:  AMALYA L. KEARSE,
          REENA RAGGI,
                    *Circuit Judges*,
          EDWARD R. KORMAN,
                    *District Judge*.[*]

-----------------------------------------------------------------

FAIRFIELD COUNTY MEDICAL ASSOCIATION and HARTFORD COUNTY MEDICAL ASSOCIATION, INC.,

    *Plaintiffs-Appellees*,

v.                                                              No. 13-4608-cv

UNITED HEALTHCARE OF NEW ENGLAND, INC., UNITED HEALTHCARE INSURANCE COMPANY, INC., UNITED HEATHCARE SERVICES, INC., and UNITEDHEALTH GROUP, INC.,

    *Defendants-Appellants*.

-----------------------------------------------------------------

---

[*] The Hon. Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

| | |
|---|---|
| APPEARING FOR APPELLANTS: | CATHERINE E. STETSON (David M. Ginn, Hogan Lovells US LLP, Washington, D.C.; Steven M. Edwards, Hogan Lovells US LLP, New York, New York; Theodore J. Tucci, Robinson & Cole LLP, Hartford, Connecticut; William H. Jordan, Kyle G.A. Wallace, Brian D. Boone, Alston & Bird LLP, Atlanta, Georgia; John F. Cambria, Alston & Bird LLP, New York, New York, *on the brief*), Hogan Lovells US LLP, Washington, D.C. |
| APPEARING FOR APPELLEES: | ROY W. BREITENBACH (Jason Y. Hsi, *on the brief*), Garfunkel Wild, P.C., Great Neck, New York. |
| FOR AMICI CURIAE AMICI ASSOCIATIONS: | Edith M. Kallas, Joe R. Whatley, Jr., Ilze C. Thielmann, Whatley Kallas, LLP, New York, New York. |
| FOR AMICUS CURIAE AMERICA'S HEALTH INSURANCE PLANS: | Robert A. Long, Caroline M. Brown, David M. Zionts, Covington & Burling LLP, Washington, D.C.; Joseph M. Miller, Michael S. Spector, America's Health Insurance Plans, Washington, D.C. |
| FOR AMICI CURIAE STATE OF CONNECTICUT AND THE OFFICE OF THE HEALTHCARE ADVOCATE: | Robert W. Clark, Assistant Attorney General, *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, Connecticut. |
| FOR AMICUS CURIAE UNITED STATES SENATOR RICHARD BLUMENTHAL: | Sean K. McElligott, William M. Bloss, Koskoff Koskoff & Bieder, P.C., Bridgeport, Connecticut. |

Appeal from an order of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the preliminary injunction entered on December 5, 2013, is AFFIRMED AS MODIFIED.

Defendants appeal from a grant of a preliminary injunction halting the removal of plaintiffs' physician members from defendants' Medicare Advantage network, arguing, among other things, that (1) the district court lacked federal subject matter jurisdiction over the case, and (2) plaintiffs do not have associational standing.[1] In reviewing the preliminary injunction for an abuse of discretion, see WPIX, Inc. v. ivi, Inc., 691 F.3d 275, 278 (2d Cir. 2012), we assume the parties' familiarity with the facts and the record of prior proceedings.

1. Federal Subject Matter Jurisdiction

A cause of action "arises under" federal law and thus confers subject matter jurisdiction pursuant to 28 U.S.C. § 1331 "when the plaintiff's 'well-pleaded complaint' raises an issue of federal law." New York v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012). One exception to the "well-pleaded complaint" rule is "when the claim is so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court,

---

[1] Defendants also moved for a stay pending appeal. Because we decide defendants' appeal, the motion to stay is denied as moot.

or otherwise completely devoid of merit as not to involve a federal controversy." Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 133 (2d Cir. 2010) (internal quotation marks and alterations omitted).

Here, plaintiffs assert two causes of action, one alleging violations of the federal regulations implementing the Medicare Act, see 42 C.F.R. § 422.202, and one for breach of contract under Connecticut law. Plaintiffs' complaint thus includes a claim that "arises under" federal law sufficient to invoke federal subject matter jurisdiction and to support the district court's discretionary exercise of supplemental jurisdiction over the state claim. See 28 U.S.C. § 1367; Carver v. Nassau Cnty. Interim Fin. Auth., 730 F.3d 150, 154 (2d Cir. 2013) (reviewing "decision to assert supplemental jurisdiction over a state law claim under an abuse-of-discretion standard").

In urging otherwise, defendants maintain that plaintiffs' federal claim is so insubstantial as to divest the court of subject matter jurisdiction. But a federal claim "is not 'insubstantial' merely because it might ultimately be unsuccessful on its merits." Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d at 133. Rather, "[o]nce a federal court has determined that a plaintiff's jurisdiction-conferring claims are not insubstantial on their face, 'no further consideration of the merits of the claim is relevant to a determination of the court's jurisdiction of the subject matter.'" In re Stock Exchs. Options Trading Antitrust Litig., 317 F.3d 134, 150 (2d Cir. 2003) (quoting Baker v. Carr, 369 U.S. 186, 199 (1962)).

Accordingly, because plaintiffs' federal cause of action is not facially insubstantial, the district court properly exercised subject matter jurisdiction over the suit.

2.   Associational Standing

An organizational plaintiff has "associational standing" to assert claims on behalf of its members if "(a) [the organization's] members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977); accord Alliance for Open Society Int'l, Inc., v. U.S. Agency for Int'l Dev., 651 F.3d 218, 228 (2d Cir. 2011).   Defendants challenge plaintiffs' ability to satisfy the second and third prongs.   We are not persuaded.

The district court properly declined to conclude that the second prong was not met on the basis, urged by defendants, that the litigation would not serve the interests of a majority of plaintiffs' members.  Defendants put forth no evidence that any members disapprove of the instant suit.  Indeed, if defendants could remove some of plaintiffs' members from the Medicare Advantage network in alleged violation of federal regulations and contractual obligations, then plaintiffs' other members might reasonably support this litigation to avoid similarly being removed in the future.

In light of our modification of the injunction, as set forth below, plaintiffs also satisfied the third Hunt prong.  This prudential requirement operates typically to preclude

suits for damages because those cases require individualized inquiries. See, e.g., Warth v. Seldin, 422 U.S. 490, 515–16 (1975); cf. Bano v. Union Carbide Corp., 361 F.3d 696, 714 (2d Cir. 2004) (rejecting argument that "association automatically satisfies the third prong of the Hunt test simply by requesting equitable relief rather than damages"). That is not this case. Here, plaintiffs' members are apparently subject to identical contracts, and participation of the individual physicians is not necessary because the preliminary injunction, as we hereinafter modify it, will only aid their arbitration obligations.

Thus, plaintiffs have associational standing to pursue the instant suit.

3.   Modification of Preliminary Injunction

In addition to enjoining defendants from removing any of plaintiffs' physician members, the district court also provided that "[t]he preliminary injunction shall remain in effect until a ruling on the merits of the [plaintiffs'] claims or a further order of this court." Fairfield Cnty. Med. Ass'n v. United Healthcare of New England, Inc., --- F. Supp. 2d ---, 2013 WL 6334092, at *10 (D. Conn. Dec. 5, 2013).

Based upon counsel's concessions at oral argument, this provision is hereby modified to state as follows:

> The Associations' physician-members subject to removal from United's Medicare Advantage network shall have a reasonable time, not exceeding 30 days from February 7, 2014, to challenge their removal by initiating arbitration proceedings in which they may seek emergency or injunctive relief from an arbitrator. After this period, the preliminary injunction shall expire.

We have considered defendants' remaining arguments and conclude that they do not warrant reversal of the preliminary injunction except to the extent that it is modified in this order. We therefore AFFIRM AS MODIFIED the preliminary injunction of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit